# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS ARMSTRONG,

          Plaintiff,

v.

CITY OF MILWAUKEE, CHAD CRIVELLO, SERGIO TORRES, and MILWAUKEE POLICE DEPARTMENT,

          Defendants.

Case No. 24-CV-1389-JPS

**ORDER**

      Plaintiff William Louis Armstrong ("Plaintiff"), ostensibly "[i]n the capacity of a representative plaintiff for a class," sues Defendants City of Milwaukee, Chad Crivello, Sergio Torres, and Milwaukee Police Department for violations of his civil rights. ECF No. 4 He also moves for leave to proceed in forma pauperis. ECF No. 2.

      The Court will defer addressing Plaintiff's motion for leave to proceed in forma pauperis and the process of screening his amended complaint under 28 U.S.C. § 1915 to address a threshold issue: Plaintiff's characterization of his case as a putative class action. *See generally* ECF No. 4 at 1–2 (referring to himself as a "representative plaintiff for a class" and each defendant as a "representative defendant for a class").

      As the Court has informed him in another of his cases, see *William Louis Armstrong v. Boyland Auto BGMC LLC et al.*, No. 24-CV-765-JPS, ECF No. 5 (E.D. Wis. July 3, 2024), Plaintiff cannot sue on behalf of a class while proceeding pro se. *Rutledge v. Lane*, No. 98-1797, 2000 U.S. App. LEXIS

11852, at *12 (7th Cir. May 25, 2000) (citing Fed. R. Civ. P. 23(a)(4) and *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to let pro se litigant risk the rights of others in class action)); *Lawrence v. Sec'y of State*, 467 F. App'x 523, 525 (7th Cir. 2012) ("[The plaintiff] attempted to bring a class action *pro se*, which was dismissed, because *pro se* plaintiffs cannot represent others." (citation omitted)). The Court has already put Plaintiff on notice of this issue, so it is unclear why he again attempts to proceed pro se in a putative class action. This may be a new case, but that does not mean that Plaintiff can simply disregard all that which the Court has already informed him in previous litigation. *Jennings v. Principi*, 114 F. App'x 224, 226 (7th Cir. 2004) ("Pro se litigants do not have a general license to disregard clearly communicated court orders." (citing *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996))).

Plaintiff can either obtain legal representation to attempt to proceed with this case as a putative class action, or he can choose to proceed pro se on behalf of only himself—not as a representative of any putative class. Plaintiff must inform the Court, by filing on the docket, on or before **December 13, 2024**, which of these two options he intends to pursue. After he makes that decision and informs the Court of having done so, the Court will afford him additional time within which to either obtain counsel or file a second amended complaint listing only himself as plaintiff and omitting all references to purported class representatives. Failure to timely comply with this Order will result in the dismissal without prejudice of this case.

Accordingly,

**IT IS ORDERED** that Plaintiff William Louis Armstrong shall inform the Court, by filing on the docket, on or before **December 13, 2024**, whether he will obtain legal representation to attempt to proceed with this

case as a putative class action, or whether he will proceed pro se on behalf of only himself. Failure to timely comply with this Order will result in the dismissal without prejudice of this case.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.